**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MELVIN M. MARINKOVIC,**   )<br>                                                                  )<br>                     Plaintiff,                         )<br>                                                                  )<br>          vs.                                                )<br>                                                                  )<br>**MAYOR JOSEPH SINNOT**, in his individual   )<br>and official capacity, **CITY OF ERIE**,             )<br>**COUNTY OF ERIE**, and                                 )<br>**THOMAS C. ROBIE**, in his individual           )<br>and official capacity,                                  )<br>                     Defendants.                      ) | 1:12cv139<br>**Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 4th day of January, 2013, upon due consideration of plaintiff's Motion for Preliminary Injunction, IT IS ORDERED that [4] the motion be, and the same hereby is, denied.

Plaintiff seeks to pursue this action on the premise that defendants retaliated against him for exercising his right to appeal certain administrative actions taken in conjunction with real estate he assertedly purchased in the city of Erie. He has yet to effectuate service of his complaint.

Requests for injunctive relief invoke the court's equitable discretion. Resolving such motions requires a delicate balance of equitable factors. Requests for injunctive relief are to be resolved on a case-by-case basis. There are four general requirements: the moving party must (1) produce evidence sufficient to convince the court that in absence of the relief requested imminent irreparable injury will result; (2) establish a likelihood of success on the merits; (3) demonstrate that granting the relief will not result in greater harm to the other party; and (4) establish that granting the relief will be in the public interest. Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1985); Campbell Soup Co. v. Conagra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992); ERCI

v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (citing SI Handling Systems, Inc., v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)).  All of the above factors are balanced with regard to any final decision and the strength of any one factor may affect the necessary showing with regard to another.  Marxe v. Jackson, 833 F.2d 1121, 1128 (3d Cir. 1987).

A clear showing of an imminent irreparable injury is an absolute necessity.  Marxe, 833 F.2d at 1128 (citing Moteles v. University of Pennsylvania, 730 F.2d 912 (3d Cir.), cert. denied, 469 U.S. 855 (1984) and A.O. Smith Corp. v. F.T.C., 530 F.2d 515, 525 (3d Cir. 1986)); ECRI, 809 F.2d at 226.  "Establishing a risk of irreparable harm is not enough."  A "clear showing of immediate irreparable injury" is required.  ECRI, 809 F.2d at 226 (citing Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980)).  "The 'requisite feared injury must be irreparable — not merely serious or substantial,' and it "must be of a peculiar nature, so that money cannot atone for it."  Id.  (citing Glassco Hills, 558 F.2d 179, 181 (3d Cir. 1977)).  Injunctive relief will not be granted merely to allay the fears and apprehensions or to soothe the anxieties of the parties.  Nor will injunctive relief be granted "to restrain one from doing what one is not attempting and does not intend to do."  Campbell, 977 F.2d at 92 (citing Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)).

Plaintiff has failed to proffer evidence to carry his burden on any of the factors necessary for the extraordinary relief he seeks. There is no competent evidence to support a finding that without an injunctive order plaintiff will be injured in a peculiar manner that cannot be rectified by the payment of money.  Similarly, after taking all well-pleaded facts as true and drawing all reasonable inferences in plaintiff's favor, the record falls woefully short of demonstrating that plaintiff likely will prevail on the merits.  It follows from these failings that the remaining factors

2

cannot be found to weigh in plaintiff's favor.  Accordingly, the motion for preliminary injunction properly has been denied.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:     Melvin M. Marinkovic
        P.O. Box 1654
        Hermitage, PA 16148

        (*Via CM/ECF Electronic Mail*)